# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In Re:  JOHN AND CLAIRE PODESTA　　　　　Chapter 13
　　　　　　Debtor.　　　　　　　　　　　　　　Case No. 11-12066

## CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1**

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay to the trustee the sum of $1,525.00 for the 60 month plan.

If distribution to unsecured creditors is less than 100% under the confirmed Plan, should the debtors sell or refinance real estate during the term of the plan, the debtor agrees that the net equity realized, if any, shall be subject to distribution to creditors pursuant to a modification of the Plan under 11 U.S.C Section 1329.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

　　1.　　Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

　　　　　(A)  Debtor's Counsel Fees:　　　　　$3,600.00

　　　　Debtor's Counsel fees to Vivian A Houghton, Esquire in the amount of $3,600.00 shall be paid first, and then distributions shall subsequently be made under the plan as follows:

　　　　　(B)  Priority Taxes:

　　　　　　　NCC – Sewer 2010, 2011　　　　　　350.00
　　　　　　　Becks Woods Maintenance　　　　　　320.00
　　　　　　　IRS – 2010　　　　　　　　　　　15,598.00
　　　　　　　DOR – 2010　　　　　　　　　　　 5,000.00

　　　　　　All priority amounts owed to the IRS and State of Delaware will be paid through the Chapter 13 Plan.

　　　　　(C)  Other Priority or Administrative Expenses

2.  Pro-rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (A)(1)  Long term or mortgage debt – Debtor shall continue to make regular post-petition payments directly to Chase Home Loans for the property located at 108 Kodiak Court, Bear, De. This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b)(ii) and the parties shall be so governed.

    (A)(2) Long term or mortgage debt – Debtor will file an adversarial complaint to void the second mortgage held by Chase Home Equity for the property located at 108 Kodiak Court, Bear pursuant to 11 U.S.C. Section 1322(b)(2).

    (B) Secured Vehicle debt (cramdown) – Payments to Santander for the 2008 Hyundia Elantra in the amount of $10,945.44 ($10,000.00 principal $945.44 interest @ 4.5%) will be paid by the Trustee. This amount represents principal and interest in full for the vehicle. Any remaining amounts associated with the loan will be considered unsecured.

    Credit will release the lien to the vehicle free and clear of all liens once this amount is paid and Debtor's Chapter 13 Bankruptcy is discharged.

    Debtor to maintain insurance on vehicle.

    (C) Secured Vehicle debt (910 car claim) -

    (D) Other secured debt: _____

3.  Surrender - Secured Collateral to: NONE
    Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. § 362 is terminated as to the property and any interest in the property. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

4.  Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

    > General unsecured creditors will be paid a dividend of _____% (46,526.40) of their allowed claim.

      1. _____ BIOC or
      2. \_\_\_\_775.44_____Disp. Income x 60 months as calculated under 11 U.S.C. § 1325(b), or [ ] a pro-rata dividend, if any.

Debtors to pay student loans to Sallie Mae directly when due.

5. If applicable) The following leases or executory contracts of the debtor will be treated as follows:

6. Title to the Debtor(s) property shall revest in the Debtor on confirmation of the plan.

7. Other special provisions of the Plan: _____

8. A proof of claim must be filed in order to share in distributions under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801.

/S/ JOHN PODESTA                            Dated: June 29, 2011
Debtor's Signature

/S/CLAIRE PODESTA                          Dated: June 29, 2011
Debtor's Signature

/S/ VIVIAN A HOUGHTON ESQUIRE        Dated: June 29, 2011
Attorney for Debtor(s)